DIOSDADO ROMANY, Plaintiff and Appellee, *v.* THE RACE-TRACK JURY OF THE QUINTANA RACING-PARK, ETC., and THE INSULAR RACING COMMISSION, ETC., Defendants and Appellants.

No. 7595.   Argued May 4, 1939.—Decided July 19, 1939.

*Diego O. Marrero,* for appellants.   *J. Valldejuli Rodríguez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Diosdado Romany, the owner of race-horses which take part in the races that are held in the tracks of Puerto Rico, filed a complaint against the Race-Track Jury of the "Quintana Racing Park" and the Insular Racing Commission, requesting the issuance of a writ of injunction to enjoin the directors and members of the same from collecting a certain fine and preventing the plaintiff from entering and running his horses, which are registered in accordance to law, in the horse-races of the Island.

The court issued a restraining order and the defendants asked that the same be vacated, and filed besides several demurrers.  The court, by order of July 22, 1937, dismissed the demurrers, and not only did it refuse to vacate the restraining order but it issued a preliminary writ of injunction in accordance with the petition of the plaintiff.  Feeling aggrieved, the defendants appealed from that order to this Court.  They assign the commission of two errors in their brief, to wit: 1, that the Court erred in holding that it had

jurisdiction over the subject matter, and 2, that it also erred in holding that the complaint states facts sufficient to constitute a cause of action.

The facts and reasons on which plaintiff based his petition are therein stated as follows:

"*Second:* That the plaintiff is the owner, among others, of the horse *Julio César*, which was registered to participate in the horse races which were to be held, and were held, in the 'Quintana Racing Park', on April 16, 1937, beginning at three thirty P. M.

*Third:* That said horse was sent to the paddock at the official time and that notwithstanding this fact and also that it ran in the race for which it was scheduled, which was number five of those to be held according to the official program, the aforesa'd race-track jury imposed on it a fine of five dollars for the alleged reason that said horse had been taken to the paddock after the official time.

"*Fourth:* Petitioner alleges that said punishment or fine of five dollars imposed upon the aforementioned horse, and in consequence upon petitioner, is unjust, irrelevant and illegal for the following reasons:

"(*a*) Because the petitioner was not notified at any moment of any complaint to the effect that the said horse had been taken to the paddock after the offic'al time;

"(*b*) Because the petitioner was not given an opportun'ty to be heard and defend himself before the final imposition of the punishment.

"(*c*) Because the aforementioned horse was taken to the paddock in t'me and part'cipated regularly and in due time in the race for which it had been scheduled.

"(*d*) Because the imposition of said fine implies the taking of the property of the petitioner w'thout the due process of law;

"(*e*) Because the action taken by the race-track jury is contrary to the laws and regulations governing horse-racing in Puerto Rico, and contrary to the Constitution of Puerto Rico and the laws of the Island.

"*Fifth:* Petitioner alleges that said race-track jury as well as the racing commission, defendant herein, plan to collect from the plaintiff the aforementioned fine, and in case that the latter should not pay the same, they threaten the petitioner with suspending all the horses of his stable, preventing him, as a consequence of the suspension of his horse *Julio César*, from registering said horse in the races to be

held in the racing-parks of Puerto Rico, causing thus to petitioner irreparable damages which cannot be compensated pecuniarily and the petitioner would have no adequate remedy to prevent said law ·suits.

*Sixth:* That the petitioner has no adequate and speedy remedy at law to enforce his rights, and only has the writ of injunction for the issuance of which he now prays, in order to prevent the defendants from carrying on their purpose, thus harming the petitioner in the manner set forth in this petition and from forcing him to sustain ·a multiplicity of law-suits.''

And the reasons set forth by the defendants to uphold that the court lacked jurisdiction over the issue and that the complaint did not allege sufficient facts to justify the issuance of the writ of injunctions sought were:

''(*a*) Because in accordance with the terms of Section 18 of the Racing Law in force, as amended by Act No. 17, approved on July 15, 1935, this Court lacks jurisdiction to know of and finally decide in an extraordinary remedy such as an injunction, the decision of the race-track jury and of the Insular Racing Commission, . . .

''(*b*) Because Act No. 17, approved on July 15, 1935, grants intervention to the District Courts solely in a case which deal with the cancellation of the license of a racing park by the Insular Racing Commission, . . .

''(*c*) Because, upon examination of the laws enacted in Puerto Rico with regard to horse-racing, it appears that Act No. 21 of 1925, Section 21, (Laws, p. 155) grants the writ of injunction to suspend the execution of any order, decision or resolution of the Insular Racing Commission, its officers or employees when the same is detrimental to rights secured by the Constitution or Insular Laws; but upon approval later on, of Acts Nos. 40 and 11 of 1927 and 1932 respectively, the remedy of injunction which was granted in Act No. 21 of 1925 was abolished; and upon approval of Act No. 17 of 1935, the granting of any ordinary or extraordinary remedy was specifically forbidden to the court . . . the legislature thus showing that it was its intention that the courts of justice do not intervene through this remedy in cases such as the one which is in issue. . . .

''(*d*) Because in this jurisdiction, although upon considering when the issuance of an injunction lies, the decisions applicable to the same as an equity remedy have been followed and are followed, the fact

is that the remedy is one at law, for which reason, in order to issue it, it is necessary that it appear from the averments of the petition that the Court has jurisdiction to grant the remedy, . . .

"(e) Because, according to the averments of the petition for injunction, the contractual relations showing a mutuality of obligations between the parties, which performance may be requested specifically, are not stated, a unilateral right being alleged to the contrary . . . *San Juan Racing and Sporting Club* v. *Foote, District Judge,* 31 P.R.R. 154, . . .

"(f) Because what the plaintiff seeks by this law suit is to obtain a review by the Court of Justice of the action of the Race Track Jury of the Quintana Racing Park as to whether the same is legal or not, when the decision of said race-track jury is not appealable to the Racing Commission, being unappealable at the same time to the District Court, and the writ of injunction is not a remedy to review procedural errors.

"(g) Because in accordance with paragraph 3, Section 4 of the Law of Injunction, approved on March 8, 1906, an injunction cannot be granted to restrain the enforcement of a public statute by public officers and for the public benefit; . . .

"(h) Because, according to the decisions on the matter, the granting of an injunction does not lie when the rights of the petitioner are not only doubtful but is also appears from the facts set forth in the petition that it is the petitioner and not the defendant who has violated some legal precept; . . .

"(i) Because it is a well know doctrine of jurisprudence that which establishes the principle that an injunction should not be granted to prevent the imposition of a punishment by officers authorized to do so, in compliance with the statute under which such officers take action; . . .

"(j) Because it is a well known doctrine of jurisprudence that which upholds that an injunction should not be granted when the issuance of the same might tend to aid in the perpetration of ilegal acts on the part of the petitioner, and the granting of the injunction in the present case might result in such aid, . . .

"(k) Because it appears from the allegations of the plaintiff, that the punishment in question, should it be imposed, would not result in any irreparable damages to the plaintiff, but to the contrary, it·is susceptible of pecuniary compensation,. . . ."

The grounds for the order appealed from are stated in the same as follows:

"1.—Were we to uphold the arguments set forth by the defendants, we would have to declare null the Racing Act, if not in its entirety, at least in that part in which it does not grant a remedy to review the actions of the race-track jury taken without authority of law or without giving the party an opportunity to be heard, in matters concerning punitive sanctions.

"2.—The complaint states grounds or reasons sufficient in our opinion, to justify the judicial intervention.

"3.—Equity can and should extend its arm when a situation such as the one stated in the petition is involved. It is known that for the sake of deciding the merits of a demurrer, the facts alleged in the petition are admitted as true, more so when as in the present case, the petition is duly sworn.

"4.—The circumstance that the fine involved amounts to five dollars and that such fine will not result as alleged, in irreparable damages, is no obstacle to the granting of the remedy. Law and equity do not act over sums of money but they act over persons who shelter themselves under principles of justice and of law. Were we to settle the principle that the race-track jury of a racing-park can impose fines in an arbitrary and whimsical manner, which in this case amount to five dollars but which might involve in other cases larger amounts, and upon the non-payment of the same prevent the petitioner from running his horses thus suspending him in the exercise of his business, it would be contrary to the most elementary principle of justice, as we all know the maxim which holds that wherever there is the violation of a right, there must be a remedy to correct such violation."

We have carefully studied appellants' brief and it does not convince us that the court lacked jurisdiction nor that the complaint does not allege facts sufficient to justify the issuance of a preliminary writ of injunction.

It is true that the act covering the matter, so frequently invoked by appellants, provides that the decisions of the race-track jury shall be final and unappealable, except in the cases in which its decision imposes a sanction greater than a three months suspension or a fine of one hundred dollars, in which cases an appeal may be taken to the Insular Racing Commission, and that it also provides that the decision of the Commission will be final and unappealable, with a certain

saving clause that does not concern this case, and then it orders that the judges and courts shall not permit any complaint nor ordinary or extraordinary judicial remedy to be filed against such decision. Act No. 17 of 1935, (2) pages 93 and 99.

In the first place we find that the law, construed *litteris*, refers in its last prohibitory clause to the decision of the Commission and not to a case such as this in which a decision of the race-track jury "final and unappealable" is concerned.

Secondly, it was here alleged and admitted for the sake of the demurrers, that the fine was imposed in violation of the provision of the Regulations which orders the race-track jury that "Before imposing any punishment it shall investigate as far as possible, the facts complained of, taking all testimony under oath and furnishing the respondent with an opportunity to be heard in his defense." Rule 96, paragraph (*h*) of the Regulations enacted in accordance to the law by the Commission.

It was due to this that this Court, considering a situation similar to the present one, decided in *Hernández* v. *Racing Commission*, 50 P.R.R. 96, in an occasion when the law as amended in 1935, was already in force, the following which we take from the syllabus:

"The right of rights accruing to a jockey punished without having been given an opportunity to defend himself, are extraordinary; since he is given no specific remedy by statute or by the regulations of the Commission, and is indeed prohibited by the statute from appealing to the Commission or to the courts, an injunction will lie under Section 677, Subdivisons, 2, 4 and 5 of the Code of Civil Procedure (Ed. 1933)."

Having decided the jurisdictional question raised, let us now see if the facts alleged are sufficient to justify the issuance of a preliminary writ of injunction.

They are sufficient in our opinion, because it appears from them that the race-track jury's action was beyond the scope of the precept of the Regulations referred to above.

The legislature could have ordered, as it did order, that the decision of the race-track jury should not be appealable, thus making its decision final. Such action is in harmony with the nature of the questions no be decided and of the relations involved, but it could not authorize, as it did not authorize the race-track jury to take decisions arbitrarily, without complying with the law which created it and with the rules adopted in accordance with the same, because that would be destroying the principles of a true government of law such as ours.

It would suffice the race-track jury to allege and prove, were it called so to do and if that is the truth of what happened, that it judged the case of the petitioner applying the law and the regulations, in order that the court would investigate no further and would dismiss the petition imposing the costs and attorney's fees upon him who claimed for its aid without a right to do so. But that allegation and that proof are necessary once a complaint such as the one herein involved, is filed before a court of justice in order that the constitutional principle invoked be upheld.

"That no law shall be enacted in Puerto Rico which shall deprive any person of life, liberty, or property without due process of law, or deny to any person therein the equal protection of the laws," begins declaring Section 2 of our Organic Act, and the courts of justice are the ones called to watch that such a statement becomes a reality in the practice.

Consequently, the order appealed from is affirmed.

Mr. Justice Travieso took no part in the decision of this case.